IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA RAY TODD,  )  )  PETITIONER,  )  )  v.  )  WARDEN CYNTHIA S.  )  WHEELER-WHITE, et al.,  )  )  RESPONDENTS.  ) | CIVIL ACTION NO. 09-311-WS-N |

REPORT AND RECOMMENDATION

This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. Petitioner, Lakeisha Ray Todd, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to § 2254, seeking an order requiring petitioner to give her credit against her sentence for some six to eight months spent on bond prior to November 20, 2006. (Original petition, See doc. 5; amended petition, filed after transfer on this court's forms, doc. 8)  It is recommended that the instant petition be dismissed without prejudice to allow Petitioner the opportunity to exhaust her state remedies.[1]

FINDINGS OF FACT

1. Petitioner states that she was sentenced by the Circuit Court of Mobile County, Alabama, on November 20, 2006, on a charge of Second Degree Domestic

---

[1] The court also notes that plaintiff, whose conviction was made final more than two years prior to the filing of this action in May, 2009, has a serious issue with the timeliness of her petition given the one-year limitations period applicable to such matters.  See 28 U.S.C. § 2244(d).  The court does not reach that issue at this time.

Violence.

2. Petitioner did not file an appeal of her conviction.

3. Petitioner states that she did not file any prior petition in any state court.[2]

4. Petitioner originally filed her petition for habeas relief in the U.S. District Court for the Middle District of Alabama on May 6, 2009.  That court ordered the action transferred to this district.  (See doc. 5)

## CONCLUSIONS OF LAW

1. A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999).  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

---

[2] In response to question 11 in the petition, which asks whether she had "previously filed any petition (Rule 29, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court," petitioner checked the box which said 'yes'.  However, in describing that filing in response to question 12, she describes only the current federal court filing under §2254.  In question 13A.2., in which she states ground one for her petitioner, she again checks the blank for State Habeas Corpus, but this again appears to indicate her continued confusion over the form and the difference between State and Federal Habeas Corpus review.  However, if petitioner did file another petition before she filed this one in the United States District Court for the Middle District of Alabama on or about May 5, 2009, she should clarify her statements in a timely objection to this Report and Recommendation.  See also doc. 8 at question 14B ("previous" habeas petition identified as 2:09 CV 412 TMH, which is the Middle District's case number assigned to this action prior to transfer from that court to the Southern District).

2. A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845, 119 S.Ct. at 1732; see Heck v. Humphrey, 512 U.S. 477, 480-481(1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); Preiser v. Rodriguez, 411 U.S. 475, 477(1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

3. A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." Castille v. Peoples, 489 U.S. 346, 351 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. See id. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and

important reasons therefor[.]'" Id. (citation omitted).  If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. See Anderson v. Harless, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. See Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); Morales v. Shannon, 2007 WL 1877977, *3 (E.D. Pa. 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); United States ex rel. Quezada v. Uchtman, 2006 WL 3341200, *2 (N.D. Ill. 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

    4.      The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. See Allen v. State of Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition

without explanation. See, e.g., Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), cert. denied, 503 U.S. 938 (1992); Cook v. Florida Parole & Probation Comm'n, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. See, e.g., Clarke v. Grimes, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

5.      The face of petitioner's complaint establishes that she has not presented the claims she asserts in her federal habeas petition to the state courts of Alabama.

Accordingly, this action should be dismissed to allow Petitioner Todd the opportunity to exhaust her state remedies.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's petition for habeas corpus is due to be dismissed with prejudice as untimely filed. The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 1st day of July, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.